GEORGE STONE, *et al., Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.,* JAMES H. LIPSCOMB, RELATOR, *Defendant in Error.*

## ON REHEARING.

Where a writ of error is entered in the Chancery Order Book, instead of being recorded in the Minute Book of the Court, as expressly required by the statute, and there is no appearance in the Supreme Court by or for the Defendant in Error, the writ of error will be dismissed.

Rehearing denied.

*Wallace Chadman,* for Petitioner.

PER CURIAM.—The writ of error herein was dismissed because it did not appear that it had been recorded as required by the statute, Section 1704, Gen. Stats. of 1906, so as to give this court jurisdiction of the defendant in error, there being no appearance here for the defendant in error. On petition for rehearing the original writ of error is sent up, as should have been done with the transcript, but the endorsement on the writ of error shows that it "has been record in C. O. Book 2 at page 776." The statute expressly requires that "all writs of error from the Circuit Courts to the Supreme Court in civil causes shall be recorded by the Clerk of the Circuit Court to whom such writ of error is addressed in the minute book of the court within ten days after its issuance and receipt by him, and such recording by the clerk of the writ of error shall be deemed, taken and held to be sufficient notice to the defendant in error of the pendency of such writ of error proceeding in the Supreme Court, and the Supreme Court shall thereby acquire complete jurisdiction over the person of such defendant in error." In chancery causes the entry of appeal is required to "be forthwith entered in the *Chancery Order Book.*" Sec. 1911, Gen. Stats. of 1906. Where an entry of appeal is recorded in the *Minute Book* of the court and is not "entered in the Chancery Order Book," as required by the statute, and the appellee has not appeared in the appellate court, the appeal will be dismissed. See Ayers v. Hope, 67 Fla. 59, 64 South. Rep. 443. Section 1831 of the General Statutes requires the Clerk of the Circuit Court to keep "Minute Books" and also "A Chancery Order Book" and it is to these books that reference is made

in Sections 1704 and 1911 requiring writs of error to be recorded "in the minute book of the court," and requiring entries of appeal to be "entered in the Chancery Order Book." See State *ex rel.,* Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591, 42 L. R. A. 72.

The writ of error issued herein appears to have been "recorded in C. O. Book 2, page 766," and it does not appear that the writ of error has been recorded "in the minute book of the court," and there has been no appearance here for the defendant in error. Assuming that the "C. O. Book" mentioned in the certificate as to the record of the writ of error, has reference to the "Chancery Order Book," an entry of the writ of error therein does not give this court jurisdiction of the person of the defendant in error. The writ of error must be "recorded in the minute book of the court," as expressly required by the statute, to give this court jurisdiction of the defendant in error. where there is no appearance in this court of or for the defendant in error. It does not appear that this court has jurisdiction of the defendant in error in this cause, therefore a hearing must be, and is, hereby denied.

All concur.